WRIGHT, J.,
delivered the opinion of the Court.
There is no error in this judgment. The charge of *640 the Circuit Judge, upon the pleadings and proof is, in all respects, correct. The merits of the case hare been attained. The weight of the evidence clearly is, that the. defendant did, in every particular, comply with his contract with his father. If the price of the land conveyed to the defendant, was, that he should support his father and mother during their lives, pay his debts, and permit his three daughters, Mary, Jane and Alminta, to live with him as long as they chose to do so, as the proof most clearly establishes; and the notes sued on were executed as security for these things, and handed, either to David Reynolds or Daniel Malone, to hold for that purpose, and defendant did as he agreed; then the notes had performed their office, and were at an end, and defendant had saved his covenant. So, if this were not the original agreement, but after the notes were executed as the price of the land, it was arranged and agreed between David Reynolds and his son, the defendant, that he should pay his father’s debts and support him and his wife and daughters as above stated, in discharge of the notes, and he did so, then the notes would be paid, and his covenant saved. So, if it were agreed between David Reynolds and defendant, that Daniel Malone should hold the notes upon the condition that they should not become effective, or be delivered to David Reynolds, if the defendant complied with his contract as above stated, and he did so, then the notes or bonds were but escrows, and the plaintiff’s action was defeated under the plea of non est factum. We are aware of the rule, that an escrow can be delivered only to a third person. Word vs. Lewis, 4 Pick., 518, 520. But this rule was not contravened by David Rey *641 nolds taking the bonds and handing them to Daniel Malone to keep, the said David being the main instrument used for that purpose, under the agreement made between him and the defendant.
It is next objected, that the plea of failure of consideration filed by the defendant, was too general, and should, upon demurrer, have been held bad by the Court. This objection is untenable. If we were to concede the plea to be defective in this respect, it is very apparent, from an examination of the record, that the merits of the case were reached under the pleas of covenants performed, and non est factum, and that this plea was wholly useless in the case; and under the rule in Carter vs. Groves, 9 Yerg., 446, it may very well be doubted if this would be error, even before the act of 1852, ch. 152. But certainly. since that act, (§ 4 and 5,) it cannot be assigned as error.
Next, it is objected that the special plea of non ,est factum was bad, because it concluded to ' the country, when it should have been with a verification; and because the affidavit thereto stated it was true to the best of defendant’s knowledge and belief,- when it should have been that the plea was true, in substance and in fact. But these are also matters of form, and can be of no avail in this Court, after a trial below upon the merits. Tjie act of 1852, ch. 152, § 4 and 5, cures these defects.
Judgment affirmed.